# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 19, 2022

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| KATHLEEN SCHMIDT, | \* | |
| | \* | No. 19-51V |
| Petitioner, | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Attorneys' Fees and Costs. |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Kathleen M. Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
*Mark K. Hellie*, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 8, 2022, Kathleen Schmidt ("petitioner") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 72). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$38,892.21**.

### I.   Procedural History

On January 9, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleged that as a result of receiving the flu vaccine on November 21, 2017, she suffered a left shoulder injury related to vaccine administration ("SIRVA"). *Id.*

On March 1, 2022, the parties filed a stipulation recommending that compensation be

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

awarded to the petitioner, which I approved the same day. Stipulation Decision (ECF No. 68). On March 8, 2022, petitioner filed a motion for final attorneys' fees and costs. Fees App. Petitioner requests $37,252.00 in attorneys' fees and $1,640.21 in attorneys' costs, coming to a total of $38,892.21. *Id.* at 1. Pursuant to General Order #9, petitioner submitted her signed statement stating that all costs were incurred by petitioner's counsel. Fees App. Exhibit ("Ex.") 4 (ECF No. 72).

Respondent filed his response on March 15, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 73). Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs. *Id.*

The matter is now ripe for adjudication.

## II.     Applicable Legal Standards

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation. Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." *Id*. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and

itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### III.     Reasonable Attorneys' Fees

Petitioner requests a total of $37,252.00 in attorneys' fees for her attorney, Kathleen M. Loucks, as well as a paralegal, Esther J. Novak. Fees App. at 2-3. Ms. Loucks has requested reimbursement for her services from 2018 to 2022 at the following rates below:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| **Kathleen M. Loucks** | $358 | $360 | $362 | $365 | $370 |
| **Paralegal, Esther J. Novak** | $132 | $135 | $137 | $139 | n/a |

I have reviewed the requested rates and find them to be consistent with what Ms. Loucks and paralegals have previously been awarded for their work by myself and other special masters. *See Halbrook v. Sec'y of Health & Human Servs.*, No. 19-1572V, 2021 U.S. Claims LEXIS 466, 2021 WL 1193541, at *3 (Fed. Cl. Spec. Mstr. Mar. 9, 2021) (awarding Ms. Loucks $358 per hour for 2018, $360 per hour for 2019, $362 per hour for 2020, and $365 per hour for 2021); *Meyer v. Sec'y of Health & Human Servs.*, No. 18-484V, 2021 U.S. Claims LEXIS 1633, at *4 (awarding the paralegal Ms. Novak $132 per hour for 2018, $135 per hour for 2019, $137 per hour for 2020, and $139 per hour for 2021). I do not see cause to reduce the rates from those previously awarded. Ms. Loucks requests an increased ate of $370 per hour for work performed in 2022, which is appropriate considering that she has gained an additional year of legal experience and the increased rate is consistent with some degree of inflation in the economy. *See Halbrook*, 2021 U.S. Claims LEXIS 466, 2021 WL 1193541, at *6. Accordingly, her increased rate is awarded.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries of Ms. Loucks and Ms. Novak appear to be for appropriate tasks and appear to accurately reflect the amount of time spent on each task. Respondent has not identified any entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

### IV.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,640.21. Fees App. at 1. All these costs were out-of-pocket expenses incurred by petitioner's counsel. Fees App. Ex. 4 at 1. None of the costs were incurred by petitioner herself. *Id.*

These costs include the costs associated with medical records, court filing fees, and the Westlaw search fee. Fees App. Ex. 3 at 19-21. These types of costs have been awarded by other special masters and I in past cases. *See Constantine v. Sec'y of Health and Human Servs.*, No. 18-1685V, 2022 U.S. Claims LEXIS 1004, at *6 (Fed. Cl. Spec. Mstr. May 6, 2022). I have

3

reviewed the requested costs and finds them to be reasonable. Accordingly, the full amount of costs shall be awarded.

### V.     Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $37,252.00 |
| **Attorneys' Fees Awarded:** | **$37,252.00** |
| Attorneys' Costs Requested: | $1,640.21 |
| **Attorneys' Costs Awarded:** | **$1,640.21** |
| Total Attorneys' Fees and Costs Requested: | $38,892.21 |
| **Total Attorneys' Fees and Costs Awarded:** | **$38,892.21** |

Accordingly, I award the following:

1) **A lump sum in the amount of $38,892.21, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Kathleen M. Loucks.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).